IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

MANSOOR SHAFI,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

    Defendant.

_____

**COMPLAINT AND JURY DEMAND**
_____

Plaintiff, Mansoor Shafi ("Mr. Shafi"), by and through his counsel, Finger Law, P.C., submits this Complaint and Jury Demand against the Defendant, State of Colorado, Colorado Department of Corrections ("DOC"), and alleges:

## INTRODUCTION

1. This is an employment discrimination action by employee Mansoor Shafi against his employer, the State of Colorado, Colorado Department of Corrections, seeking damages to redress violations of Plaintiff's rights.

## PARTIES

2. Plaintiff is an individual residing in Pueblo West, Colorado. He is an employee of the Colorado Department of Corrections.

3. Defendant State of Colorado, Colorado Department of Corrections, is a

political agency of the State. Defendant at all relevant times was Plaintiff's employer within the meaning of relevant statutes, including 42 U.S.C. § 2000e. Defendant's headquarters is located at 1250 Academy Park Loop, Colorado Springs, Colorado, 80910.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331. Mr. Shafi brings this action to recover damages caused by DOC's violations of Title VII of the Civil Rights Act of 1964 as amended.

5. This Court has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the unlawful conduct complained of herein occurred in, and the relevant records and witnesses are located in, the District of Colorado.

## ADMINISTRATIVE PROCEDURE AND EXHAUSTION

7. Mr. Shafi timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (and dual filed with the Colorado Civil Rights Division) on March 10, 2020, which was within 300 days of the alleged adverse employment acts. This case was designated 541-2020-01673 by the EEOC.

8. The EEOC issued a Notice of Right to Sue on April 15, 2020, relating to the Charge of Discrimination of March 10, 2020. This is **Exhibit A**.

9. This matter was filed within 90 days of receipt of said letter.

10. This matter was timely filed.

## GENERAL ALLEGATIONS

11. Mr. Shafi is Pakistani-American and has lived in numerous countries. He is also a practicing Muslim and observes the practice of praying regularly at five times during the day, including two prayers during his workday. As such, he is protected on the bases of race, national origin, and religion.

12. Mr. Shafi works as a Contract Administrator III for the DOC. His work location is in Canon City, Colorado.

13. The State of Colorado employs approximately 30,000 full time employees in varying capacities in 19 separate Departments.

14. The Colorado Department of Corrections is the state agency responsible for operating and managing Colorado's correctional facilities and overseeing offenders in the community corrections programs and on parole.

15. DOC operates about 20 correctional facilities throughout the state. It employs approximately 6,127 employees, the majority of which are in enforcement and protective services, and some who are in administrative roles (such as Mr. Shafi).

16. Mr. Shafi began employment for Defendant on June 6, 2016 as a General Professional III, Contract Administrator.

17. His salary was approximately $4,100 per month.

18. Mr. Shafi was well qualified for the position.

19. Mr. Shafi had been educated at Northwestern University's J.L. Kellogg

School of Management and graduated with a Master of Management degree. He had also received senior management training at the University of Pennsylvania's Wharton School of Business.

20. Prior to joining DOC, Mr. Shafi worked for the US Peace Corps as their Director of Management and Operations, and was based in Baku, Azerbaijan. His employment was at the GS13 level. Prior to working for the U.S. Government, he worked as Vice President and Head Far East Institutional Banking at the First American Bank of New York.

21. Mr. Shafi performed above expectations as rated and as observed by his initial supervisory chain. On March 9, 2018, Mr. Shafi was promoted to Contract Administrator V at a salary of $6,400 per month. This promotion was based on Mr. Shafi's record of continuing strong performance.

22. Around the same time that Mr. Shafi was promoted, there was a shake-up in the chain of command above him. Over the course of several months, Mr. Shafi's supervisor, Keith Nordell, team leader Nate Weatherford, Finance Director Jennifer Bennet, and DOC Controller Lenny Merriam were all replaced.

23. Mr. Shafi was assigned a new supervisor, Elizabeth Kennedy, and new second-level authorities in Mary Ensminger and Deborah Goheen.

24. Initially, Mr. Shafi observed a pleasant and cordial working relationship with Mss. Kennedy, Ensminger, and Goheen.

25. In a performance evaluation issued October 2017, Mr. Shafi had received a

performance evaluation with all satisfactory-or-higher performance ratings. This evaluation noted Mr. Shafi's "exceptional" communication and advised that he should continue to "prioritize" completing contracts before other duties.

26. On April 11, 2018, Mr. Shafi received a performance evaluation based on his promotion which again commended his "excellence" in communication, his research, his ability to "stay current" in his tasks, and his "analysis of processes." He received level II satisfactory ratings and level III "role model" ratings. He also received an annual evaluation around this same time period which provided similar, satisfactory and better ratings.

27. In or around mid-May 2018, Ms. Kennedy walked in on Mr. Shafi praying, observed him, and she became visibly upset.

28. On May 31, 2018, just over one month after Mr. Shafi received the positive performance evaluations, Ms. Kennedy and Ms. Ensminger issued Mr. Shafi a performance evaluation rating him a level I, unsatisfactory, in overall performance and in all competencies.

29. On June 6, 2018, Mr. Shafi filed an internal complaint of discrimination and hostile work environment based on his race, national origin, and religion. In this complaint, he stated that Ms. Kennedy came to his office, observed him praying. Her demeanor immediately changed drastically and she quickly walked away.

30. Within about one week of Mr. Shafi filing the discrimination claim, Ms. Kennedy resigned.

31. Despite the resignation of Ms. Kennedy, Mr. Shafi from the date of the filing of his complaint forward has experienced a constant barrage of adverse employment actions.

32. On July 6, 2018, Mary Ensminger and Deb Goheen issued Mr. Shafi a Performance Improvement Plan, asserting that he was deficient in all areas of his performance and providing no specific areas of improvement. On August 22, 2018, Mary Ensminger issued Mr. Shafi a notice that he was being reverted (demoted), and his pay reduced from $6,592 to $4,262. On October 26, 2018, Ensminger issued Mr. Shafi a mid-year performance evaluation which rated his performance as unsatisfactory.

33. Mr. Shafi filed an EEOC complaint with respect to the adverse actions. While the EEOC was investigation, the adverse treatment ceased and Mr. Shafi was again rated as a satisfactory employee.

34. The EEOC investigation concluded and in August 2019, Mr. Shafi was issued a Right to Sue notice.

35. In August 2019, Mr. Shafi was directed that he could no longer email anyone – not co-workers, and not external DOC vendors or contract partners. This was demeaning and made his job essentially impossible to perform as a contract administrator.

36. Mr. Shafi's supervisor treated him poorly in demeanor; for example, she would not acknowledge his morning "hello" and would instead give him dirty looks. She made verbal comments like, "do I need to explain everything to you?" When he would

write her an email, she would either ignore his emails, or give him contradictory information so that whatever decision he would make, he was in a "no win" situation.

37. On August 21, 2019, Mr. Shafi was verbally berated for asking if he could take shorter lunches.

38. On August 27, 2019, Mr. Shafi was issued a confirming memorandum asserting that his performance was deficient again.

39. In August 2019, Mr. Shafi's supervisor slowly began taking away his contracts and responsibilities, until by September 2019, he literally had no duties left.

40. Mr. Shafi filed a federal suit in September 2019 on the basis of discrimination and retaliation. That matter is ongoing.

41. Mr. Shafi continued to experience an ongoing hostile work environment. He is verbally berated, demeaned, humiliated and issued impossible restrictions; restrictions which are not issued to any white similarly situated co-workers and restrictions which are designed to forced Mr. Shafi to resign or fail in his duties. This included receipt of a confirming memorandum, a negative mid-year evaluation, a notice of the initiation of the pre-disciplinary process, and removal of job duties. From September 2019 to January 2020, he was instructed to do nothing but watch training course videos.

42. On February 19, 2020, Mr. Shafi was issued a disciplinary action and a corrective action, affecting his pay.

43. Defendant's actions are an ongoing and continuing adverse action.

44. Defendant's actions are intentional, willful, and wanton.

## FIRST CLAIM

Discrimination (February 2020 Disciplinary action, continuation of Hostile Work Environment) Based on Race/National Origin/Religion under 42 U.S.C. § 2000e/Title VII, as amended

45. Plaintiff re-alleges and incorporates herein all paragraphs above.

46. At all relevant times, DOC was a covered employer subject to Title VII.

47. Mr. Shafi is a Pakistani Muslim and as such, he falls under the protected classes of race, national origin, and religion at the relevant time period.

48. DOC knew that Mr. Shafi was a member of protected classes under Title VII.

49. Mr. Shafi suffered an adverse employment action when the Defendant issued the February 2020 corrective action and disciplinary action, which were continuations of ongoing harassment and a pattern of adverse employment acts.

50. Mr. Shafi's race/national origin/religion, as a practicing Middle Eastern Muslim, was a motivating factor in Defendant's action.

51. The Defendant's stated reason for the discipline, poor performance, was pretextual.

52. Title VII makes it unlawful for an employer to discriminate against any individual with respect to the terms, conditions, or privileges of employment based on the individual's protected class(es).

53. Moreover, Title VII makes it unlawful for an employer to limit, segregate, or

classify employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect their status as an employee, because of such individual's protected class(es).

## SECOND CLAIM

Retaliation (Disciplinary Action) for Filing Complaint Protected under Title VII

54. Plaintiff re-alleges and re-incorporates herein all paragraphs above.

55. On or about June 6, 2018, Mr. Shafi filed an internal complaint of discrimination and hostile work environment with his employer. This constituted a protected activity.

56. In September 2019, Mr. Shafi filed another Charge of Discrimination with the EEOC.

57. The Defendant subjected Mr. Shafi to an adverse employment action, namely, taking away job duties, negative evaluations, and the February 2020 disciplinary action and corrective action which reduced his pay, but also, the other negative events described herein constitute a pattern of retaliatory behavior.

58. Defendant took the adverse actions because of Mr. Shafi's discrimination complaints.

## PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and award Plaintiff damages as established by the fact finder:

1. Removal of the corrective and disciplinary action of February 2020;

2. Economic damages, including without limitation lost back wages and benefits from loss of pay cause by demotion;

3. Compensatory damages, including without limitation, special damages and damages for loss of reputation, loss of opportunity for professional growth and future additional promotions, loss of opportunity for promotion, and inability to seek another job elsewhere given the stigma of the demotion;

4. Non-economic damages for emotional distress, pain and suffering, inconvenience, mental anguish, loss of reputation, and other non-pecuniary losses such as loss of confidence and self-esteem;

5. Rescission of the negative evaluations, and other negative performance information from the file;

6. Future wage loss and benefit loss;

7. An award of reasonable attorneys' fees and costs;

8. Pre-judgment and post-judgment interest as provided for under the law from the earliest possible date;

9. Retain jurisdiction over the action to ensure full compliance with the Orders of this Court and a declaratory judgment that Defendant's conduct complained of herein is unlawful;

10. Injunctive relief to stop the hostile work environment of the Defendant; and

11. Such other relief as the Court deems just and proper.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Respectfully submitted this 14tth day of July, 2020.

                                        FINGER LAW, P.C.

                                        */s/ Casey J. Leier*
                                        Casey Leier, #45155
                                        29025-D Upper Bear Creek Rd.
                                        Evergreen, CO 80439
                                        Phone: (303) 674-6955
                                        Fax: (303) 674-6684
                                        Email: casey@fingerlawpc.com


**CERTIFICATE OF SERVICE**

      I hereby certify that on this 14th day of July, 2020, a true and correct copy of the foregoing **COMPLAINT** was filed with the CM/ECF system which will send notification to:

Lucia Padilla
Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO   80203
Lucia.padilla@coag.gov

Alison Faryl Kyles
Senior Assistant Attorney General
Civil Litigation and Employment Law Section
1300 Broadway, 10th Floor
Alison.kyles@coag.gov

*Attorneys for Defendant*


Plaintiff's Address:
206 W Elgin Drive
Pueblo West, CO 81007